SHERARD v. RICHMOND &c. RAILROAD COMPANY.

1. CHARGING JURIES—REQUESTED ERROR.—Appellant's complaint that the trial judge erred under the testimony in the case in submitting to the jury the matter of exemplary damages, will not be considered where appellant requested the judge to charge upon this matter.

2. IBID.—OMISSIONS.—A failure to charge upon matters not requested is merely an omission, and cannot be urged as error on appeal.

3. APPEAL RECORD.—This court will not refer to the "Case" in another cause pending before the court to find support for error alleged in an exception taken in the cause under consideration.

4. EVIDENCE—CONTRARY STATEMENT.—It is not error to permit a witness on his cross-examination to be asked if he did not make a contrary statement as a witness in another cause which had been tried that day, and then to permit such contrary statement to be proved by the court stenographer.

Before NORTON, J., Anderson, December, 1890.

Action by W. M. Sherard against The Richmond & Danville Railroad Company, commenced in June, 1889. The opinion sufficiently states the case, but this case should be read in connection with the next succeeding case of Spellman against the same defendant.

*Mr. T. P. Cothran,* for appellant.

*Mr. G. E. Prince,* contra.

March 16, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. This is an action for damages for the alleged unlawful ejection of plaintiff from the passenger car of the defendant. The complaint, amongst other things, alleges: "That on the 25th day of May, 1889, the defendant sold the plaintiff a round trip ticket from Anderson to Newberry and return over said railroad, so controlled and operated by it, for the sum of two and 70–100 dollars, which sum plaintiff paid to defendant, by which ticket it contracted to convey the plaintiff in one of its passenger cars from the city of Anderson, S. C., to the city of Newberry, S. C., and to carry him back to the city of Anderson at any time up to May 31st of said year. That said defendant, by direction of D. Cardwell, its division passenger agent, extended the time of the plaintiff in which to return, and on the fourth day of June, 1889, when plaintiff was ready to return, he presented the said ticket to the agent of the defendant at Newberry, who changed the date of the return on the ticket and returned the same to the plaintiff, representing that he had properly altered the ticket to enable plaintiff to return to Anderson upon the same. That upon the faith of such action and pursuant to the condition of said ticket, as so extended, the plaintiff on the said 4th day of

June, 1889, as he had a right to do, entered the cars of the defendant and started to return thereon to Anderson, S. C. 3. That while he was such passenger between the towns of Newberry and Ninety-Six, the conductor of said train, as the agent of the defendant, refused to carry the plaintiff on said ticket, and forcibly ejected him from said train. That in so doing, the defendant committed an assault and battery of a high and aggravated nature upon the plaintiff by forcibly pushing him off the platform of said car in the presence of numerous passengers, and injured the reputation of the plaintiff by representing to them that he was trying to cheat the said company by attempting to ride upon a ticket which purported to be changed, but that such change was without the authority of the defendant, thereby charging plaintiff with attempting to perpetrate a fraud upon the defendant and imputing to him the crime of forgery. 4. That by reason of the premises, the plaintiff has been damaged in his person and reputation in the sum of two thousand dollars."

Defendant by his answer, amongst other things, says: "2. Answering paragraph two, it says it admits the purchase of ticket as alleged and admits that the time was agreed to be extended as alleged, and that it was not properly extended because of a mistake of defendant's agent at Newberry, but that said mistake was caused by the negligence of the plaintiff. 3. Answering paragraph three of complaint, defendant admits that defendant's agent refused to carry plaintiff, but alleges that said agent was in no wise to blame, and denies that he committed an assault, or that he charged plaintiff with attempting to cheat the company, or attempting to perpetrate a fraud, or in any way imputed to him the crime of forgery, but says the plaintiff left the train when directed so to do, and was not touched by defendant's agent. Defendant denies that plaintiff has been damaged."

The cause came on to be heard in the Court of Common Pleas for Anderson County on 24th December, 1890, before his honor, Judge Norton, and a jury. The testimony adduced at the hearing established that defendant's agent at Newberry, acting under written instructions of D. Cardwell, general passenger agent of defendant, altered the ticket of plaintiff by writing the words and figures "30th June" over the words and figures "31st May," and

delivered the ticket so altered to plaintiff; that plaintiff, his asso-
ciate fireman, F. A. Spellman, a young Mr. Beatty, who was sick,
with his physician, Dr. Gilder (the last two of whom had pur-
chased tickets), were in the same party, and that Mr. Spellman
held these four tickets. That after leaving Newberry, the con-
ductor called for the tickets, and that Spellman gave him the four
tickets for the members of his party, and that Spellman was known
personally by the conductor; that the conductor declined to take
the tickets of Spellman and plaintiff because of the erasure of the
words "31st May" and the substitution of the words "30th June,"
and although Spellman explained that such alteration was made
by the defendant's agent at Newberry under Mr. Cardwell's in-
structions by a letter to that effect, but not having such letter
with him, the conductor insisted they must pay fare or be ejected
from the train; that they requested conductor to delay until he
could telegraph to Newberry and find out the facts; that the
conductor was inflexible in his purpose, although he offered, if
they would agree to pay at Ninety-Six, if he learned there by
telegram that the tickets were not good, he would carry them on,
but this the plaintiff declined to do; that thereupon the conduc-
tor stopped the train between stations while it was raining and
caused plaintiff to leave the train. The defendant claims the con-
ductor did not lay hands on plaintiff and actually eject him.
Plaintiff and his witnesses claim that the conductor did do so.
There were a number of passengers on board. At Ninety-Six
the conductor learned that the tickets were good, and when plain-
tiff offered his fare, he declined to take it.

The jury found a verdict against defendant for $933. Defen-
dant made a motion for a new trial on the minutes of the court,
which was refused by the presiding judge. After judgment en-
tered on the verdict, the defendant appealed upon the following
grounds: 1. Because, under the testimony, the rule of exemplary
damages was not applicable to this case, and it is respectfully sub-
mitted that his honor erred in charging the jury that they might
consider the question of exemplary damages in making up their
verdict. 2. Because not only was the overwhelming weight of
the testimony against the idea of wilfulness, malice, or harshness
on the part of the employees of the defendant, but there was no

evidence whatever of wilfulness, malice, or harshness on their part, and it is respectfully submitted that this court has the power under the circumstances to grant a new trial, and should do so. 3. Because, it is respectfully submitted, that his honor erred in his charge on the question of negligence on the part of the plaintiff, inasmuch as the uncontradicted evidence that he had in his possession the Cardwell letter which rendered the extension of the tickets, as made by the agent at Newberry, proper and in due form when presented together, and he voluntarily and for his own purposes parted with said letter, which he should have retained, and he was thereby guilty of negligence. 4. Because the agent at Newberry had the right to presume that plaintiff would retain the letter, which authorized the extension, and not having done so, he was guilty of negligence. 5. Because, it is respectfully submitted, that his honor erred in permitting the stenographer to read what the witness Motte was supposed to have sworn in the trial of the Spellman case, especially as the testimony as read does not correspond with the testimony as afterwards written out and printed in the Brief in said case, to which Brief reference is respectfully asked.

This court has given the questions here involved careful attention, because, on the one hand, the rights of the travelling public are concerned in the solution of these and kindred questions growing out of the relation of railroads as common carriers to such travelling public, and, on the other hand, a duty is owed these corporations by the courts of the country to fix accurately and justly any liabilities by such railroads to the travelling public. The well being of society is best subserved by a judicious preservation of the rights of both parties to such controversies.

We would remark at the outset of this discussion, that the defendants requested his honor, Judge Norton, to charge as follows:

"That if the jury believe from the testimony in this case that the putting off of this plaintiff was not a malicious, oppressive disregard of the rights of the plaintiff in this case, he is not entitled to exemplary damages.

"If the jury believe from the testimony, taking into consideration all of the circumstances, that the agent of the defendants

were not influenced by an intent to injure, degrade, or oppress the plaintiff, he is not entitled to punitive or vindictive damages."

The Circuit Judge charged the jury that these requests were good law. From this charge of the judge there is no appeal by either party to the action, and, for the purposes of this case, it is law.

From this statement, we are at a loss to understand the propriety of the first two grounds of appeal. It no where appears upon what theory the appellant can justify an attack upon the charge of the Circuit Judge in relation to exemplary or vindictive damages based upon the testimony in this case, *when the defendant specifically requested such a charge.* These grounds of appeal must be dismissed.

The third ground of appeal alleges error in the charge of the Circuit Judge on the question of plaintiff's negligence in not keeping in his possession the Cardwell letter which authorized the agent at Newberry to extend plaintiff's ticket, so that he could have exhibited the same to the conductor at the same time he showed his ticket. The "Case" here fails to exhibit the contents of the Cardwell letter, and yet reference is made to the fact of its existence and its purport in the testimony of the witnesses. No request was made to the judge to include in his charge any proposition of law in relation to the same, and yet the Circuit Judge instructs the jury, "if the ticket was so altered that a man of ordinary intelligence, without any special skill as to railroad matters, would take it for a good ticket whether it was in fact a good ticket or not, the conductor and other agent of the railroad company was bound to take it as a good ticket. * * * A ticket is the common evidence of a man's right to ride. So if you find that the ticket was not such a ticket as the conductor ought to have received under the law as I have given it to you, then you ought to find a verdict for the defendant."

It must be observed that this specification of error in the charge of the Circuit Judge belongs to the class of omissions (if any such error there exists), for we have examined the "Case" with care to see if any request relating to these matters was made by the appellant, and find that such was not the case. No doubt the trial judge would have been pleased to receive such suggestion

from counsel. It is too late to complain of such omissions on the part of the Circuit Judge, when the appellant waits until he reaches this court to suggest them for the first time, for it is the fixed law in this State that to entitle a party to allege error in the Circuit Judge, the questions must be presented to him at the trial below. This ground of appeal must be dismissed.

The fourth ground of appeal relates to the right of the agent at Newberry to presume that the plaintiff would retain the letter of Mr. Cardwell, and not having done so, the plaintiff was guilty of negligence. The "Case" fails to disclose any declaration of the Circuit Judge upon this point. If there was error, it was one of omission on his part in his charge, and, as we have before remarked, it was the duty of the defendant to bring this matter to the Circuit Judge's attention, and having failed to do so, we are without power to inquire into it. We must dismiss this ground of appeal.

Lastly, complaint is made that his honor permitted the stenographer to read what the witness Motte was supposed to have sworn in the trial of the Spellman case, especially as the testimony as read does not correspond with the testimony as written out and printed in the Brief in said case, to which Brief reference is respectfully asked. The last part of this ground of appeal cannot be allowed to pass without comment. The rules of this court require the "Case" itself to contain everything that occurred in the conduct of the cause in the court below to which reference shall be made, for the guidance and information of this court touching the same. In the "Case" there is not the slightest effort at a reproduction of the notes of testimony, as finally written out by the stenographer, of what the witness Motte testified in the Spellman case. It seems so to be conceded by the appellant, for he respectfully requests this court to consult the printed testimony of Motte in the *Spellman case* here on appeal. It is needless to say that such a request will be most respectfully refused by this court.

But we will consider what does appear in the "Case" that relates to this exception. When the plaintiff was closing his testimony in reply, he offered the stenographer to prove what the witness Motte had sworn in the Spellman case in the

morning of the same day that the case at bar was tried, for the purpose of, putting it mildly, contrasting Mr. Motte with himself. Counsel for the defendant objected. The Circuit Judge overruled his objection. To such ruling the defendant duly excepted. It remains for us to see whether this was error. While the defendant's witness Motte was on the stand, and during his cross-examination by the plaintiff, he was asked: "You say Captain Smith could not accept the tickets according to the rules? A. Yes, sir. Q. What rule? A. The rule that we work under; they are in book form and circular form. Q. Did you not say this morning, in the other case, that there was no printed rule on that subject? A. There is a rule for everything that is done on the Richmond and Danville road, but I don't know whether it is in circular or book form. Q. Did you not say this morning that there was a rule, and then finally concluded that there was no rule? A. I don't know that you all were waiting on the rules this morning. Q. Was the rule in a circular or letter? A. I don't know. Q. Did you not say this morning that it was a custom? A. I said it was a custom to have some authority to be shown." In the case at bar, the stenographer then testified by reading the following extract from Captain Motte's testimony given that morning in the case of Spellman *v.* The Railroad Company: "Is there any written rule on the subject (extension)? A. Yes, sir; I think so. Q. By the Court: There is a printed rule which regulates the kind of tickets which you are authorized to receive? A. There is a rule book. *There is no printed rule in regard to the extending of tickets.* By Mr. Prince: Q. A written rule? A. No, sir; it is a custom either to have the letter making the extension, or to show some authority from the superintendent or general passenger agent, or some of the authorities."

The plaintiff in the trial below pursued the usual plan recognized by the authorities, when he desired to test the accuracy of the witness in relation to a given matter, by contrasting a statement made by him in the morning with his statement in the afternoon, by calling his attention to time, place, circumstances, and the words uttered. We can see no harm done here. The witness explained himself. Besides, the matter referred to was of very slight moment. The plaintiff's own witness, Mr. Fant, who was

in defendant's employment, explained the matter very fully.    It will be perceived that there was no objection in the court below as to accuracy of the stenographer; the only objection was as to the competency of the testimony.    Such being the case, we cannot interfere.    The ground of appeal must be dismissed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.