### 16961

THE STATE, Respondent, v. LISTON HINSON and W. L. HARDEE, Appellants

(85 S. E. (2d) 735)

*Messrs. H. T. Abbott,* of Conway, *for Appellant, Liston Hinson,* and *L. B. Dawes* and *John C. Sikes,* of Loris, *for Appellant, W. H. Hardee,*

*Messrs. J. Reuben Long, Solicitor,* of Conway, and *J. Ralph Gasque,* of Marion, *for Respondent,*

*Messrs. H. T. Abbott,* of Conway, *for Appellant, Liston Hinson,* and *L. B. Dawes* and *John C. Sikes,* of Loris,. *for Appellant, W. L. Hardee, in Reply.*

February 9, 1955.

OXNER, Justice.

Appellants, both White, were found guilty of rape with recommendation to mercy and each sentenced to imprison-- ment for a term of forty years. The questions presented by their appeal are (1) whether the trial Judge erred in re-- fusing their motions for a mistrial on the ground of improper argument by counsel assisting the State, and (2) whether certain remarks made by him in passing on these motions. constituted prejudicial error.

Since no question is raised as to the sufficiency of the evidence to support the verdict, the record does not contain the testimony offered by the prosecution. It seems to be conceded, however, that this testimony was to the effect that while the prosecuting witness, a high school girl, and her boy friend were parked at night in a secluded spot on the Pee Dee River in Marion County, appellants suddenly came upon the scene and after robbing the man, one of them raped the girl while the other held a rifle on her companion.

Appellants admitted the robbery, but denied the charge of rape. According to their testimony, they knew boys and girls frequented this place and on the night in question went

there for the purpose of committing robbery. One of them said, "We though if we robbed people in a place like that, they wouldn't say nothing about it." The other stated that this was a good place to rob because if they were recognized, their victims "would be afraid to tell it". Appellant Hinson admitted that on several prior occasions they had committed robbery at this place.

Appellants testified that when they came upon this boy and girl parked in a car, one of them held a loaded rifle, while the other searched the boy and took $25.00 from him. They emphatically denied making any attempt to rape the girl.

The opening argument was made by Mr. Gasque, counsel employed to assist the State. During the course of this argument, the record shows that the following occurred:

"Mr. Abbott: I move for a mistrial at this time, on the ground that counsel for the State has repeatedly referred to the defendants as self-confessed robbers, and then the second time as robbers. It is certainly very prejudicial for counsel to make such argument, and I move on those grounds for a mistrial.

"The Court: As I understood counsel's argument, he was arguing that, under the evidence of this case, in the testimony of the defendants, that they admitted they were guilty of robbery and for that reason they are not worthy of belief as witnesses in this case. I think it is legitimate argument, and I overrule the argument (motion).

"(Mr. Gasque continues his argument to the jury).

"Mr. Abbott: I respectfully move for a mistrial on the ground that counsel, in argument to the jury, counsel has called the defendants criminals; it is not part of the evidence. The men are at this bar of justice, and until they are convicted, they are not criminals, I respectfully submit.

"The Court: As I have ruled before, I think it is a legitimate inference from defendant's testimony that they admit they were guilty of robbery at this particular time,

.and I think the State has a right to argue that, and I would be unfair to deny the State the right to argue that the evidence shows they are criminals, and to that effect their credibility in that behalf. I overrule your motion."

We shall first determine whether the Court erred in not ordering a mistrial. It is contended that it was highly improper for counsel to refer to appellants as "'criminals" and "robbers"? Appellants having admitted ·the robbery, it was permissible for counsel to argue this fact as 'bearing on the credibility of their testimony. Having elected to testify, they occupied the dual role of defendants and witnesses. In the latter capacity, their reputation for truth and ·veracity was placed in issue, thereby making it permissible to show any of their past transactions tending to affect their ·credibility. *State v. Gibert,* 196 S. C. 306, 13 S. E. (2d) 451; *State v. Van Williams,* 212 S. C. 110, 46 S. E. (2d) ·665; *State v. Corn,* 215 S. C. 166, 54 S. E. (2d) 559.

It is said, however that appellants had not been convicted of the offense of robbery. There would be more merit in this contention if they had denied the ·charge. But what stronger evidence could there be of their guilt of this offense than their admission under oath that they committed it? Since appellants were in fact "self-confessed robbers", there could be no prejudicial error in referring to them as such in discussing the credibility of their testimony.

In *State v. Van Williams, supra,* strongly relied on by appellants, where a conviction was reversed on account of improper argument, the solicitor went much further than was ·done in the instant case. The argument there made con-.stituted an attack upon defendant's character and reputation in respects other than his credibility.

The remaining exceptions relate to alleged prejudicial remarks of the trial Judge in refusing the motions for a mistrial. It is said that he erred in referring to appellants in the presence of the jury as "criminals" and

stating "that the testimony of confessed robbers was not worthy of belief." We agree that any remarks of this kind in the presence of the jury would constitute reversible error. *State v. Pruitt,* 187 S. C. 58, 196 S. E. 371; *Crenshaw v. Southern Ry. Co.,* 214 S. C. 553, 53 S. E. (2d) 789. But the record discloses no such statement. It is argued by counsel for appellants that these expressions were attributed by them to the trial Judge in their motion for a new trial and that since he did not expressly deny making them, it is reasonable to assume that he did so. This portion of the record is as follows:

"Mr. Abbott: The defendants Hinson and Hardee, at this time, respectfully move before Your Honor for a new trial upon the following ground: That during the trial of the case, in argument of counsel for the State to the Jury, counsel for the State referred to the defendants in one instance as robbers, and in another instance as criminals, and His Honor, in ruling that that type of argument was responsive and proper, committed error, we respectfully submit, in saying that the testimony of confessed robbers was not worthy of belief, and thereby causing the effect on the minds of the Jury which stripped the defendants of their Constitutional rights presumption of innocence, that they came into this Court with.

"The Court: I'll overrule the motion, and while overruling it, I will state that counsel for each of the defendants, in the argument to the jury stated that their clients were guilty of robbery, admitted their guilt, and were ready to plead guilty, in their arguments to that effect, and asking for leniency in this case."

We do not think the trial Judge intended by the foregoing ruling to admit the use of the language attributed to him by counsel. His failure to expressly deny making these remarks may have been due to the fact that he did not wish to get into an argument as to what transpired, or he may have deemed it best to let the record

speak for itself. Be that as it may, any question as to the correctness of the stenographer's notes should have been settled by bringing the matter to the attention of the trial Judge in preparing the case for appeal. But apparently no effort was made to do so. We are not at liberty to go beyond what the record shows when the motions for a mistrial were refused. Clearly nothing then said by the trial Judge tended to indicate his opinion as to the weight or sufficiency of the evidence, the credibility of appellants, or their guilt. The Judge went no further than necessary to state his reasons for refusing the motions. These exceptions are without merit. *State v. Mishoe,* 198 S. C. 215, 17 S. E. (2d) 142; *State v. Deas,* 202 S. C. 9, 23 S. E. (2d) 820.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ., concur.