19695

The STATE. Respondent, v. Clifton Izeal HICKS, Appellant

(199 S. E. (2d) 304)

*Messrs. McDonald, Cox & Stilwell,* of Greenville, *for Appellant,* cite:

*Thomas W. Green, Esq., Sol.,* of Greenville, *for Respondent* cites:

September 19, 1973.

Moss, Chief Justice:

Clifton Izeal Hicks, the appellant herein, appeals from his conviction of having in his possession and the selling of a quantity of heroin, in violation of Section 32-1510.49 of the 1962 Code, as amended.

An undercover agent, the prosecuting witness for the State, testified that he purchased from the appellant, on December 13, 1971, a quantity of heroin. This witness, after making contact with the appellant, and pursuant to his direction, followed him to various places in the City of Greenville, finally arriving at the Lee Street Apartments located on Monroe Street where the purchase was completed. He testified that he and the appellant parked their cars along side each other in a parking lot near the Lee Street Apartments. He said that the appellant got out of his car and disappeared for ten to fifteen minutes. When the appellant returned, he delivered twelve bags of white powder, later determined to be heroin, to the witness for which he was paid the sum of $75.00. The witness testified that he did not get out of his car after he arrived at the parking lot near the Lee Street Apartments.

The undercover agent was cross-examined by the attorney for the appellant and was asked if he had not testified at a preliminary hearing in this case that he got into the appellant's car and rode with him on the night in question. The witness denied making such statement. The appellant then, in an effort to contradict the witness, tendered what he contended was a transcript of the testimony taken at the preliminary hearing. The solicitor interposed an objection and such was sustained by the trial judge upon the ground that

the transcript was not a certified copy of the testimony prepared by a court reporter. The appellant alleges that the trial judge was in error in sustaining the objection and excluding from evidence the purported transcript of testimony of the preliminary hearing.

The testimony of a witness on trial may be discredited by contradictory testimony given by him at a preliminary examination or hearing. However, such former testimony must be established by legal, competent and proper proof. 98 C. J. S. Witnesses §§ 594 and 616.

The document submitted by the appellant for the purpose of contradicting the witness was offered for identification. The identified exhibit consists of seven typewritten legal sheets setting forth what purports to be an examination of the undercover agent and such is neither signed by the witness nor certified by anyone. There is no indication as to the time, place or before or by whom it was taken, and such is also replete with deletions. It follows that the tendered exhibit could not be introduced into evidence, in the absence of proof as to accuracy thereof, to show what the witness testified to at the preliminary hearing for the purpose of impeaching his testimony at the present trial.

In the case of *Awtrey v. Wood,* 113 S. C. 309, 101 S. E. 920, this Court held that a transcript of the testimony at a hearing in the probate court does not prove itself at the trial on appeal, but it can be used only if proved by the testimony of the stenographer who took it. We quote the following from the cited case:

"If, however, the objection was that the record did not prove itself and that it was necessary to put on the stand the stenographer who took the testimony, to prove that it was correct, then the objection should have been sustained and the testimony excluded until the stenographer had first testified in regard to it."

Testimony given by a witness at a former trial or hearing is ordinarily held properly proved by the introduction of the stenographer's transcript of the evi-

dence there, supported by the stenographer's oath as to the accuracy thereof. 98 C. J. S. Witnesses § 616(b) p. 624.

In *Sherard v. Railroad Co.,* 35 S. C. 467, 14 S. E. 952, it was held that it is not error to permit a witness on his cross-examination to be asked if he did not make a contradictory statement as a witness in another cause which had been tried that day, and then to permit such contrary statement to be proved by the court stenographer.

In *United States v. Bully,* D. C., 282 F. Supp. 327, it was held that fifteen pages of typing, purporting to be the testimony of a witness given at a hearing before a commissioner, but not signed or authenticated by the commissioner or reporter, nor any proof offered as to its validity or authenticity, was not admissible. We also direct attention to an annotation in 11 A. L. R. (2d) 30, as to the mode of proof of testimony given at a former examination, hearing or trial.

Assuming, without deciding, that the proffered evidence did not relate to a collateral matter or issue, the trial judge did not prohibit the admission of the exhibit if it was properly proved by the stenographer who took and transcribed the testimony. The appellant could also offer oral proof by anyone who heard the witness's testimony at the former hearing. *Brice v. Miller,* 35 S. C. 537, 15 S. E. 272.

It is our conclusion that there was no error on the part of the trial judge in excluding from evidence the purported transcript of the preliminary hearing in this case.

The appellant, testifying in his own behalf, denied that he had possessed and sold any heroin to the undercover agent and asserted that at the time of the alleged offense, December 13, 1971, he was in Atlanta, Georgia. He testified that he left Greenville on December 12, 1971, between 9:30 and 10:00 P. M. and returned on Wednesday, December 15, 1971. He further said that while in Atlanta he visited a friend, whom he identified as Billy Taylor, and that he was with him from 12:30 A. M. on December 13, 1971, until between 10:30 and 11:00 of that morning. The appellant tes-

tified that some two days before the trial of this case he went to Atlanta in an effort to locate Billy Taylor and was unsuccessful in this effort. It is uncontradicted in the record that Billy Taylor was not available as a witness in behalf of the appellant.

The undercover agent testified that his first contact with the appellant was at 4:10 A. M. on December 13, 1971, near the corner of Rebecca and Nicholtown Road in the City of Greenville. At the time of such contact, the undercover agent was accompanied by two other men, one of whom was the confidential informer, and three women, two of whom were sisters of the informer and the other his girlfriend. After this contact, the undercover agent drove to Aleta Street where the three women left the car. The other contacts of the undercover agent with the appellant and the alleged purchase of the heroin took place after the women left the car. The testimony of the undercover agent was corroborated by one Willie Wilson, a narcotics agent for the South Carolina Law Enforcement Division.

The State did not call the confidential informer or the three women as witnesses. It is apparent, however, that the appellant called the confidential informer as a witness.

At the request of the appellant, the trial judge charged the jury that:

"where the State has a witness or witnesses to the facts of the offense alleged in the indictment and fails or refuses to call such witness or witnesses, that you may infer or conclude that the testimony of such witness or witnesses would have been contrary to the contentions of the State."

The trial judge further charged that:
"the failure of a party to call an available witness raises the presumption that the testimony of said witness would have been adverse to the party failing to call such witness."

The appellant duly excepted to the last quoted charge. The State then requested the trial judge to charge the jury that

the word "party" in the above charge applied to the State as well as the accused. Thereafter, the trial judge made the charge that was requested by the State. The appellant excepted to this additional charge.

The second question argued by the appellant is whether the trial judge committed error by charging the jury that the failure of a party to call an available witness raises the presumption that the testimony of said witness would have been adverse to the party failing to call such witness and that "party" applies to the State as well as the accused.

The sole ground of objection to the foregoing charge was "that there is no duty on the defendant to prove anything." Appellant now seeks to raise the question, for the first time on appeal, that, in criminal cases, no adverse inference arises from the unexplained failure of a party to call an available witness. Since this question was not presented in the lower court, it is not available to appellant on appeal. The general ground "that there is no duty on the defendant to prove anything" presented no sound objection to the charge in question.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.