20028

The STATE, Respondent, v. Daniel BLUE, Appellant
(215 S. E. (2d) 905)

*Robert Marshall Jones, Esq.* of Rock Hill, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen,* and *Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *Mike S. Jolly, Sol.,* of Union, *for Respondent,*

June 5, 1975.

LEWIS, Justice:

The defendant Daniel Blue has appealed from his conviction and sentence for safecracking (Section 16-337, 1962 Code of Laws). We grant a new trial because of error in the refusal of the trial judge to permit counsel for the de-

fendant to use, for the purpose of impeachment, a transcript of the preliminary hearing testimony in the cross-examination of a witness for the State.

A preliminary hearing was requested and granted. At this hearing, counsel for defendant requested that the testimony be taken in writing, whereupon, according to the agreed Statement, counsel was instructed by the Recorder of the City of Rock Hill before whom the hearing was held, "to use his (counsel's) own secretary who being duly sworn took and transcribed the testimony."

A material witness for the State, a Mrs. Phillips, testified at the preliminary hearing and at the trial. When counsel for the defendant attempted to cross-examine Mrs. Phillips at the trial from a transcript of her testimony at the preliminary hearing, the trial judge ruled that such cross-examination was improper because the testimony at the preliminary hearing was not taken by an "official court reporter."

We held in *State v. Hicks,* 261 S. C. 247, 199 S. E. (2d) 304:

"The testimony of a witness on trial may be discredited by contradictory testimony given by him at a preliminary examination or hearing. However, such former testimony must be established by legal, competent and proper proof. 98 C. J. S. Witnesses §§ 594 and 616."

There was no objection to the use of the transcript of the testimony on the ground that the transcript was inaccurate. In fact, it is undisputed that the Recorder, in effect, designated counsel's secretary to take the testimony, that she was duly sworn for that purpose, and "took and transcribed the testimony." It was further agreed in the Statement that "counsel for the defendant attempted to cross-examine Mary Phillips on her testimony *made at the preliminary hearing.*" (Emphasis added.)

Since it is undisputed that the transcript, sought to be used by counsel to impeach the witness, was an accurate transcript of the testimony taken and tran-

scribed by the stenographer designated and sworn for that purpose by the hearing officer, the trial judge was in error in refusing to permit its use at the trial. The ruling unduly restricted the cross-examination by defendant of a very material witness for the State, and constituted prejudicial error, requiring a new trial. The judgment is accordingly reversed and the cause remanded for a new trial.

However, it is necessary that we dispose of two other questions since they will no doubt arise on a retrial of the case. Under the first, defendant contends that there was no evidence to sustain his conviction and his motion for a directed verdict on that ground should have been granted. There is no merit in this contention.

Money, a lady's diamond ring, and other articles were stolen from the safe of Rock Hill Body Company, located in the City of Rock Hill. Defendant's possession, shortly thereafter, of considerable cash, a lady's diamond ring, and other property of the nature stolen from the safe, with his admission to others that he obtained them from the safe of the Body Shop, were sufficient to sustain his conviction of the offense charged.

The remaining question concerns the authority of the City Recorder to issue an arrest warrant and hold a preliminary hearing for a violation of Section 16-337 of the 1962 Code of Laws, an offense beyond the jurisdiction of the Recorder to try.

Defendant was arrested on a warrant issued by the Recorder of the City of Rock Hill, charging defendant with the offense of safecracking, a violation of Code Section 16-337. Subsequently, defendant made a timely demand for a preliminary hearing on that charge. The hearing was held before the Recorder who issued the arrest warrant. Counsel for defendant objected to the hearing on the grounds that the Recorder had no jurisdiction to issue the warrant or to hold the preliminary hearing since the offense was beyond the Recorder's jurisdiction to try. These objections

were overruled by the Recorder who found probable cause and sent the warrant to the Court of General Sessions, where an indictment was returned.

When the case was called for trial, defendant moved to quash the indictment on the grounds that defendant's request for a preliminary hearing had not been properly granted, since the Recorder was without authority to hold such a hearing; and that the Court of General Sessions had no jurisdiction to try the offense until a proper preliminary hearing was held, relying upon the principle that, where a demand for a preliminary hearing is timely made, the Court of General Sessions does not acquire jurisdiction of the case until after such preliminary hearing is held. Section 43-232, 1962 Code of Laws; *State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520. The lower court denied the motion, holding that the City Recorder had jurisdiction to issue the warrant and hold the preliminary hearing.

The question presented is whether a City Recorder has authority to issue an arrest warrant and hold a preliminary hearing where the offense occurred within the city limits but was beyond the jurisdiction of the Recorder to try. We think that the statutes clearly grant such authority to City Recorders.

Section 43-231, 1962 Code of Laws, provides that "in criminal matters beyond their jurisdiction to try,, magistrates shall sit as examining courts and commit, discharge and, except in capital cases, recognize persons charged with such offenses."

Applicable to the City of Rock Hill, Code Sections 15-1002 and 15-1003 authorize the city council of any city with a population of over one thousand to establish a municipal court to be held by a Recorder; and Code Section 15-1010 establishes the following jurisdiction of such municipal courts:

"Such municipal court shall have jurisdiction to try and determine all cases arising under the ordinances of the city

in which the court is established and generally shall have all such judicial powers and duties as are now conferred upon the mayor of such city, either by its charter or by the laws of this State. *The municipal court shall also have all such powers, duties and jurisdiction in criminal cases as are now conferred by law upon the magistrates appointed and commissioned for the county in which the court is established except, that such court shall not have the authority of a magistrate to appoint a constable."* (Emphasis added.)

Under the foregoing provisions of Section 15-1010, Recorders "have all such powers, duties and jurisdiction in criminal cases as are now conferred by law upon the magistrates . . . commissioned for the county in which the (Recorder's) court is established." The jurisdiction conferred on Recorders, therefore, includes concurrent jurisdiction with magistrates to issue warrants *for arrests within the city limits* for offenses beyond their jurisdiction to try and, under Code Section 43-231, *supra,* to sit as examining courts in such cases, where the offenses are committed within the corporate limits of the city.

The decisions in *Keels v. City of Sumter,* 95 S. C. 203, 78 S. E. 893 and *City of Anderson v. Seligman,* 85 S. C. 16, 67 S. E. 13, relied upon by appellant, involved the authority of a municipal court to try violations of State statutes and do not control the issues here involved. Moreover, both of these cases were decided under the provisions of what is now Code Section 15-901, the language of said code section, as to jurisdiction, being not nearly so broad as that of Code Section 15-1010.

Reversed and remanded for a new trial.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.