20516

The STATE, Respondent, v. Eugene Owens LEE, Appellant.
(237 S. E. (2d) 768)

*W. Gaston Fairey* and *P. Lewis Pitts, Jr.,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Brian J. Gibbes and Edward B. Latimer, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

September 20, 1977.

RHODES, Justice:

The appellant was found guilty of rape and sentenced by the trial judge to forty (40) years imprisonment. The appellant maintains that the occurrence of alleged trial errors warrants a reversal of his conviction and a new trial. We disagree and affirm.

The appellant previously had been convicted of rape in 1962. Prior to the trial of the instant case, there took place a lengthy discussion involving the trial judge, assistant solicitor (solicitor), and the two attorneys from the public defender's office representing the appellant. The discussion concerned whether the solicitor could attempt to impeach the appellant's credibility, if the appellant took the witness stand, by inquiring about the prior conviction. The trial judge ruled that the solicitor could attempt to impeach the appellant by

asking him whether he had "ever been convicted of a crime of moral turpitude".[1]

When the appellant took the stand, one of his counsel on direct examination asked him whether he had previously been convicted of a crime of moral turpitude. To this question the appellant answered "yes". Also, earlier the appellant was identified as a "parolee" by his parole officer who was called to the witness stand by the defense counsel. On cross-examination of the appellant, the solicitor asked him whether he was on parole for a crime of moral turpitude. The appellant answered that he was.[2]

It appears that "rape" was never mentioned during the course of the trial as being the "crime of moral turpitude" for which the appellant had been convicted in 1962. However, the appellant contends that certain of the solicitor's references during closing argument to the appellant's prior conviction amounted to an attack on his character. In this way, it is argued, the appellant's prior conviction could have been considered by the jury as substantive evidence of the appellant's guilt of the rape for which he was charged in the instant case.

A prior conviction of a crime of moral turpitude may be used for the purpose of impeaching a defendant-witness's credibility if the conviction is not too remote in time. *See* cases collected in 19 West's S. C. Digest, "Witnesses", Key Numbers 345(1), 345(2), and 350. However, defendant's character may not be attacked unless he has put his character in issue. *State v. Britt, et al.,* 235 S. C. 395, 111 S. E. (2d) 669 (1959) ; *State v. Bolin,* 177 S. C. 57, 180 S. E. 809 (1935). The record of this case does not indicate that the appellant placed his character in issue.

---

[1] The quoted language represents the specific limitation imposed by the court on the solicitor.

[2] At the time of the rape for which the appellant was being tried in this case, he had just been paroled on the 1962 rape conviction.

Our attention is called particularly to the following portions of the solicitor's argument to the jury:

"[Y]ou may have noticed how he [appellant] shook while he was on the stand. That had no real relevance, but you saw him real closely as he came up here and took the stand, he very smoothly said no, he didn't do this. He had gone to the parole board that morning, he was on parole, but he didn't commit the crime. He had been convicted of a crime, not just any crime, but a crime of moral turpitude." And, shortly after this statement was made, the solicitor argued that:

"They say he is going to jail for forty years. I submit to you that is not even enough. But that is not for your consideration. What your consideration is is [*sic*] did he do it or not, because the judge is going to sentence this man. And if he is not a bad man, the judge can give him anywhere from five to forty years, with which he will be eligible for parole after a third of that. But he is a menace to society, been convicted of this crime of moral turpitude. . . ."

We do not believe the solicitor in this case exceeded the proper scope of inquiry and argument regarding the appellant's credibility. The trial judge properly refused to grant appellant's motion for a mistrial. Great deference is accorded to a trial judge's decision to grant or deny such a motion. His ruling will not be disturbed in the absence of an abuse of discretion amounting to an error of law. *Keller v. Pearce-Young-Angel Co.,* 253 S. C. 395, 171 S. E. (2d) 352 (1969); *State v. Lake,* 257 S. C. 407, 186 S. E. (2d) 256 (1972).

In *State v. Hinson, et al.,* 226 S. C. 495, 85 S. E. (2d) 735 (1955), defendants were found guilty of rape. Although they admitted committing a robbery in connection with the incident as well as previous similar robberies, they denied the rape charge. On appeal, it was contended that it was highly improper for the prosecution to have referred to defendants as "criminals" and "robbers" during the course of the trial

and that a mistrial should have been ordered. In affirming the convictions, this Court held that such references by the solicitor were not improper when arguing the credibility of the defendant's testimony. It was stated:

"Appellants having admitted the robbery, it was permissible for counsel to argue this fact as bearing on the credibility of their testimony. Having elected to testify, they occupied the dual role of defendants and witnesses. In the latter capacity, their reputation for truth and veracity was placed in issue . . ." *State v. Hinson, supra,* 226 S. C. at 499, 85 S. E. (2d) at 736.

In this case, the quoted excerpts from the solicitor's argument to the jury merely restate the facts that appellant was on parole from conviction for a crime of moral turpitude. As in *Hinson, supra,* it was proper for the solicitor to argue the fact of appellant's conviction in connection with his believability as a witness.

The statement by the solicitor that appellant was a "menace to society" cannot be considered prejudicial since that concept forms the very basis for crimes involving moral turpitude.

"Moral turpitude signifies an inherent quality of baseness, vileness, depravity, and, generally speaking, it involves an act of inherent baseness in the private, social, or public duties which one owes to his fellow man or to society . . ." 58 C. J. S. Moral p. 1203.

Therefore, that appellant was a "menace to society" was implicit in the fact of his prior conviction for a crime of moral turpitude and he sustained no prejudice by the solicitor's use of that phrase. The exception is without merit.

The appellant also argues that the trial judge erred in refusing to admit, and allow questioning from, a transcript of the preliminary hearing in this case. It is contended that the court's exclusion of the transcript hindered the appellant in cross-examining the prosecutrix effectively and thereby pre-

vented him from impeaching her trial testimony with respect to her description of her assailant and her remembrance of the events surrounding the rape.

The record reveals that the solicitor objected to the admission of the transcript and to cross-examination of the prosecutrix therefrom on two grounds, namely: (1) the stenographer had not been sworn by the magistrate to record the proceedings of the preliminary hearing; and (2) the transcript was inaccurate in that it was not a complete record of everything which had transpired at the hearing. The trial judge indicated that he agreed with the solicitor's objection on both grounds. However, upon close examination, it appears to us that the court was content to exclude the use and introduction of the transcript on the ground that it was inaccurate. We shall, therefore, limit ourselves to deciding whether there was an adequate and proper basis for the court's ruling that the transcript was inaccurate and whether the court abused its discretion in so holding.

The testimony of a witness given during the trial of one accused of crime may be discredited by contradictory testimony given by the witness at a preliminary examination or hearing. However, such former testimony must be established by legal, competent and proper proof. *State v. Hicks,* 261 S. C. 247, 199 S. E. (2d) 304 (1973). The natural concomitant of this requirement is that the party who offers a transcript containing prior testimony must show that the transcript is *accurate. See State v. Blue,* 264 S. C. 468, 471, 215 S. E. (2d) 905 (1975), where we indicated that accuracy is necessary but where that particular element was not part of the State's objection to defense counsel's use of the transcript.

In the instant case, the trial judge conducted a hearing on the question of whether or not the transcript was accurate. Defense counsel called to the stand the stenographer whom the magistrate had appointed to take notes and to record on tape the proceedings of the appellant's

preliminary hearing. Not only was the stenographer examined by defense counsel, but she was also questioned at length by the solicitor and the trial judge. Following this questioning, the trial judge stated that, because the stenographer had indicated to him that words were omitted from her transcription forty-three (43) times due to the inaudible quality of the tape, the transcription was inaccurate. The court felt that the transcript was not reliable because words had been omitted which, if known, could affect the meaning of the testimony given. For the reason that the entire testimony had not been transcribed, the judge ruled that the transcript of the preliminary hearing could not be admitted for impeachment purposes.

Our examination of the record, including the preliminary hearing transcript which has been made a part of the record on appeal, leads us to conclude that the trial judge was justified in ruling that the transcript was inaccurate. His decision, based on the testimony of the stenographer, is supported by the record in this case.

The trial judge has broad discretion in determining the general range and extent of cross-examination, and the exercise of such discretion will not be disturbed on appeal except in the case of manifest abuse thereof. *State v. Ham,* 259 S. C. 118, 191 S. E. (2d) 13 (1972); *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607 (1967). Under the facts and circumstances of this case as discussed above, we hold that appellant has shown no abuse of discretion.

Following the trial judge's ruling that the preliminary hearing transcript could not be admitted because it was inaccurate, defense counsel sought the court's permission to call the stenographer as a witness to testify from her own recollection as to the evidence given by the prosecutrix at the hearing. The court, however, refused to permit the stenographer to take the stand as a witness for the purpose of attempting to impeach the trial testimony of the prosecutrix in this manner.

The appellant, contending in his brief before this Court that the trial judge erred in this regard, cites authority for the principle that where a transcript containing prior testimony is unavailable for any reason, the appellant may offer oral proof by anyone who heard the witness's testimony in the previous hearing. However, we are compelled to take the position that the issue is not properly before this Court. None of the appellant's exceptions contain a specification of such alleged error which otherwise would properly present the question to us for decision. *See State v. Fleming,* 254 S. C. 415, 175 S. E. (2d) 624 (1970) ; *Evans v. Bruce,* 245 S. C. 42, 138 S. E. (2d) 643 (1964).

The appellant has taken additional exceptions which raise questions concerning (1) whether the trial court erred in allowing the prosecutrix to make an in-court identification of the appellant which was, allegedly, tainted by a suggestive photographic lineup, and (2) whether the court erred in refusing to allow the testimony of one Rita Biggs about a police attempt to arrange a showup identification of the appellant prior to his arrest. After reviewing the transcript of record and the briefs in this appeal, we are of the opinion that no error of law was committed by the trial court in these particulars. These exceptions are without merit and are, accordingly, overruled.

Judgment is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.