21334

The STATE, Respondent, v. Ray Bailey, Appellant.

(272 S. E. (2d) 439)

*Deputy Appellate Defender Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Nan L. Black,* Columbia, and *Asst. Sol. Paul Deitrich,* Walterboro, *for respondent.*

November 20, 1980.

*Per Curiam:*

Appellant was convicted of disturbing a school and assault and battery of a high and aggravated nature. He contends that error was committed by the lower court in admitting testimony concerning a prior conviction for assault and battery of a high and aggravated nature. We agree.

Evidence of other crimes is not admissible to prove ██ the character of a person in order to show that he acted in conformity therewith. *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1925). The State contends, however, that the testimony in question was admissible as a crime of moral turpitude for the purpose of impeaching appellant's credibility. *See State v. Lee,* 269 S. C. 421, 237 S. E. (2d) 768 (1977). The crime of assault and battery of a high and aggravated nature does not, however, invariably constitute a crime of moral turpitude, since that determination depends on the facts of each particular case. *See United States ex rel. Zaffarano v. Corsi,* 63 F. (2d) 757 (2d Cir. 1933); *Burford v. Commonwealth,* 179 Va. 752, 20 S. E. (2d) 509 (1942).

Proof of the nature of a prior conviction must nec- ██ essarily be confined to the inherent nature of the crime as defined by law and particularized by the indictment. More thorough proof of the underlying circumstances would possibly require an extensive hearing on collateral matters and therefore be adverse to the uniform and efficient administration of law. *See United States ex rel. Manzella v. Zimmerman,* 71 F. Supp. 534 (E. D. Pa. 1947). Since the crime of assault and battery of a high and aggravated nature does not necessarily constitute a crime of moral turpitude, and since the indictment for the prior conviction was not produced for review by the trial court, appellant's conviction must be reversed and the case remanded for a new trial. *See State v. Harvey,* 268 S. E. (2d) 587 (S. C. 1980).

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would simply hold that assault and battery of a high and aggravated nature is not a crime of moral turpitude. I do so, well appreciating the fact that occasionally this offense may involve matters of moral tur-

pitude, but I would not impose upon the trial judge the burden of determining which offenses (of which a witness or defendant has been convicted) meet the requirement. In my view, the rule set forth in the majority opinion would create more problems than it solved.