**In re Peter E. NOVICK, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 90–SP–93, 90–SP–927.**

District of Columbia Court of Appeals.

Submitted Jan. 7, 1993.

Decided Jan. 23, 1993.

Before FERREN, KING and SULLIVAN, Associate Judges.

PER CURIAM:

■ This matter is before the court on the Report and Recommendation of the Board on Professional Responsibility (the Board) that respondent be disbarred, effective *nunc pro tunc* as of July 28, 1989, as a consequence of his conviction for a violation of 18 U.S.C. § 1001, making a false statement in connection with a Department of Housing and Urban Development transaction. While this matter was pending before the Board, respondent filed a Motion to Consent to Disbarment in this court. Bar Counsel has filed a memorandum in support of that motion. Respondent concedes that if he is disbarred by consent, and if he should seek reinstatement under D.C.Bar Rule XI, § 16, he would have the burden of proving rehabilitation. We accept and adopt the Board's recommendation.

This matter arose both as a reciprocal proceeding, pursuant to D.C.Bar Rule XI, § 11, based on respondent's voluntary disbarment in Maryland, pursuant to D.C.Code § 11–2503(a), and under D.C.Bar Rule XI, § 10(c) because respondent was convicted of a criminal offense. In the past, we have referred this type of matter to the Board for a determination of whether the offense of conviction constituted one of moral turpitude. If the offense was determined to be one of moral turpitude, the respondent would be permanently disbarred and could never seek readmission. Disbarment for any other reason, however, including disbarment by consent, allowed an attorney to apply for readmission after five years. Therefore, even in those cases where a respondent was prepared to consent to disbarment, the matter would ordi-

narily be referred to a Hearing Committee to determine whether the offense was one involving moral turpitude.

Last year this court held, in *In re McBride*, 602 A.2d 626 (D.C.1992) (en banc), that when an attorney was disbarred for having committed a crime of moral turpitude, readmission could be sought after five years—the same rule that applies to disbarment for any other reason. As a result, the Board maintains, and Bar Counsel agrees, that there is no longer any need to refer a case to a Hearing Committee to determine whether respondent's offense is one of moral turpitude since he will be able to apply for readmission after five years regardless of the nature of the offense. The respondent, Bar Counsel, and the Board share the view that it would be a misuse of resources to pursue this matter in a Hearing Committee since that course will necessarily result in a sanction no different than the one respondent has conceded should be imposed upon him in his Motion to Consent to Disbarment. We agree.

Accordingly, in light of *McBride*, we accept the recommendations of the Board and grant respondent's Motion to Consent to Disbarment. If respondent seeks readmission in the future, he will then be required to confront the issue raised relative to the misconduct that gave rise to his criminal conviction. *See In re White*, 605 A.2d 47 (D.C.1992). Accordingly, it is

ORDERED that respondent be disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to July 28, 1989, with reinstatement to be subject to proof of rehabilitation and other requirements of D.C.Bar Rule XI, § 16.