608 S.E.2d 434

**In the Matter of Robert L. GAILLIARD, Respondent.**

**No. 25927.**

Supreme Court of South Carolina.

Submitted Dec. 22, 2004.

Decided Jan. 24, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for The Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Charleston, for respondent.

PER CURIAM:

This attorney disciplinary matter is before the Court on an Agreement for Discipline by Consent entered into by respondent and the Office of Disciplinary Counsel (ODC) pursuant to Rule 21, RLDE, Rule 413, SCACR, and on a Petition for Rule to Show Cause pursuant to Rule 5(b)(6), RLDE, Rule 413, SCACR.

## *AGREEMENT FOR DISCIPLINE BY CONSENT*

In the Agreement for Discipline by Consent, respondent admits misconduct and consents to a public reprimand, definite suspension of no more than two years, or an indefinite suspension as provided by Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## *FACTS*

On August 25, 2004, respondent was convicted of assault and battery of a high an aggravated nature and sentenced to four years imprisonment, suspended upon service of three years probation and submission to anger management and additional counseling as needed. The assault and battery occurred when respondent struck his teenage son with his truck.

## LAW

In the Agreement for Discipline by Consent, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(4) (it is ground for discipline for lawyer to be convicted of crime of moral turpitude or serious crime), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or to engage in conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken upon admission to practice law in this state). Respondent further admits that by his misconduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects).

## *PETITION FOR RULE TO SHOW CAUSE*

On October, 27, 2004, respondent was placed on interim suspension for the same conduct which is the basis of the Agreement for Discipline by Consent. *See* Rule 17, RLDE, Rule 413, SCACR. ODC has filed a Petition for Rule to Show Cause alleging that, by attempting to obtain the release of a client from jail, respondent practiced law while suspended from the practice of law.

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. Respondent shall not seek to be reinstated to the practice of law until he has completed his probation. Although we decline to issue a Rule to Show Cause, we remind respondent that he is prohibited from participating in any activity which constitutes the practice of law while he is suspended.

430

Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.