**In re John L. GIZZARELLI, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–340.**

District of Columbia Court of Appeals.

Submitted Nov. 17, 2005.

Decided Dec. 8, 2005.

Before REID, Associate Judge, and NEWMAN and FERREN, Senior Judges.

PER CURIAM:

Respondent, John L. Gizzarelli, Jr., was retained in October 1997 to enforce an agreement for the purchase of real estate in the Commonwealth of Massachusetts. Although respondent initiated proceedings in that jurisdiction, he failed to take any action after January 7, 1998, and his client's case was dismissed as a result. Moreover, respondent failed to inform his client of this fact or that he had ceased the practice of law. He also failed to deposit his client's retainer in a segregated trust account, and did not refund the unearned portion of that retainer. Not surprisingly, the client filed a bar complaint. Respondent then failed to cooperate with the Massachusetts bar authorities in any fashion, and on January 28, 2003, the Supreme Judicial Court of Massachusetts indefinitely suspended him from the practice of law in that jurisdiction.

Respondent did not report his suspension as required by D.C. Bar R. XI § , 11(b), but Bar Counsel reported it to this court, and we temporarily suspended him on April 27, 2004, pursuant to D.C. Bar R. XI, § 11(d).[1] We also referred the matter to the Board on Professional Responsibility ("Board") and directed it to recommend

1. Respondent had already been administratively suspended since December 2, 1996, for non-payment of dues.

whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or to state whether it would elect to proceed *de novo* under D.C. Bar R. XI, § 11.

On April 5, 2005, the Board submitted a Report and Recommendation suggesting that we impose the functionally identical reciprocal discipline of a five-year suspension with the requirement to prove fitness to practice as a condition of reinstatement. The Board further proposes that the period of suspension not be deemed to commence for the purposes of reinstatement until respondent files the affidavit required by D.C. Bar R. XI, § 14(g). Bar Counsel informs us that he takes no exception to the Board's Report and Recommendation, and respondent has not filed any exceptions.

 In cases like this, where no exceptions have been filed, we give great deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Moreover, our rules create a rebuttable presumption which favors the imposition of identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832 (D.C.1992); D.C. Bar R. XI, § 11(f), even when the disciplinary sanction in question would not otherwise be available in the District of Columbia, *see In re Laibstain,* 841 A.2d 1259, 1262 (D.C.2004). It might seem at first glance that this case presents such a situation since respondent's suspension in Massachusetts is indefinite and that sanction is not identified in our rules. *See* D.C. Bar R. XI, § 3(a)(2). However, since respondent may petition for reinstatement in five years under Mass. Sup. Jud. Ct. R. 4:01, § 18(2)(b), we view his Massachusetts sanction as the functional equivalent of a suspension in the District of Columbia for the same length of time, coupled with a fitness requirement, *see In re Zdravko-*

*vich,* 831 A.2d 964, 970 (D.C.2003) (citations omitted), and that sanction is not unknown to this jurisdiction. *See, e.g., In re Brown,* 797 A.2d 1232 (D.C.2002); *In re Cleary,* 777 A.2d 786 (D.C.2001). For these reasons, and the lack of anything in the record to indicate that reciprocal discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), we hereby adopt the Board's Report and Recommendation. Accordingly, it is

ORDERED that John L. Gizzarelli, Jr. be suspended from the practice of law in the District of Columbia for the period of five years. Reinstatement in this jurisdiction shall be conditioned on respondent's proof of his fitness to practice law. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*