**In re Robert L. GAILLIARD, Appellant.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 311589).**

**Nos. 06–BG–1439, 06–BG–1440.**

District of Columbia Court of Appeals.

Submitted March 25, 2008.

Decided March 27, 2008.

Before FARRELL and FISHER, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

This matter comes before the court on the Report and Recommendation of the Board of Professional Responsibility (the Board) that respondent, already suspended from the Bar in South Carolina, be suspended from the practice of law in the District of Columbia for three years as a consequence of his conviction in South Carolina of assault and battery of a high and aggravated nature (ABHAN). Fur-

ther, the Board recommends that respondent be eligible for readmission only after a showing of fitness to resume the practice of law. We accept the Board's recommendation.

This disciplinary matter is here both as a reciprocal proceeding, pursuant to D.C. Bar R. XI, § 11, based on respondent's suspension in South Carolina, and as an original matter arising from respondent's criminal conviction, pursuant to D.C. Bar R. XI, § 10(c). On August 25, 2004, respondent was convicted in the Court of General Session, Charleston County, South Carolina, of ABHAN. The incident leading to the conviction involved his striking his teenage son with a truck. Respondent was sentenced to four years' imprisonment, stayed in favor of three years' probation and with the requirement that he submit to counseling for anger management. After the conviction, respondent reached an Agreement for Discipline by Consent with the South Carolina Disciplinary Counsel, and on January 24, 2005, the Supreme Court of South Carolina suspended him from the practice of law indefinitely, stating that he would be eligible for reinstatement only after completion of his probation imposed as part of the criminal sentence.

Respondent had been admitted to the District of Columbia Bar in May 1980, but has been administratively suspended since 1987 for nonpayment of Bar dues and failure to file the required annual registration statements. On learning of the conviction and suspension in South Carolina,[1] Bar Counsel in the District notified this court, and on January 11, 2007, we suspended respondent pending proceedings before the Board to determine the nature of the final discipline to be imposed, including whether respondent's conviction constitut-

---

1. Respondent did not inform this court of his conviction or suspension as required by D.C. Bar R. XI, §§ 10(a) and 11(b).

ed a crime involving moral turpitude under D.C.Code § 11–2503(a) (2001). We alternatively instructed the Board to recommend whether reciprocal discipline was appropriate.

 Bar Counsel and the Board agree that, given the specific circumstances of this matter—including respondent's administrative suspension for nearly twenty years and his apparent lack of interest in practicing law in the District—it would be a misuse of resources for the Board to hold a hearing on the issue of moral turpitude at this time.[2] Instead, both Bar Counsel and the Board urge the imposition of discipline "functionally equivalent" to that respondent received in South Carolina in the form of a three-year suspension with a fitness requirement for reinstatement—essentially deferring the issue of moral turpitude to later consideration. We agree. With the inclusion of a fitness requirement, if respondent ever seeks reinstatement, he will have to confront then, and the Board will have to resolve, the issue of whether his underlying conviction involved moral turpitude on its facts.

Where another disciplining court imposes the sanction of indefinite suspension (a sanction not identified in our rules, *see* D.C. Bar R. XI, § 3(a)(2)), we have held that suspension for a term of years with a fitness requirement for reinstatement is functionally equivalent discipline. *See In re Gizzarelli,* 888 A.2d 1154, 1155 (D.C. 2005). Here, the Board recommends a suspension equal to the amount of time respondent will be suspended in South Carolina, with a requirement that he show fitness as a condition of reinstatement. That is appropriate equivalent discipline.[3]

In the context of a discipline proceeding involving both a criminal conviction and a reciprocal discipline matter, we have previously sanctioned a Board's decision to focus on the latter without holding a hearing to determine the issue of moral turpitude. *See In re Novick,* 619 A.2d 514 (D.C.1993). The Board is correct that *Novick* provides only "some" justification for imposing reciprocal discipline here instead of addressing whether respondent's crime was one of moral turpitude. The reason is that, where in *Novick* the resulting discipline

---

2. Certain crimes involve moral turpitude *per se,* thus mandating disbarment without the necessity of holding a hearing to look at the facts and circumstances surrounding the crime. *See In re Colson,* 412 A.2d 1160 (D.C. 1979) (en banc). Because the Supreme Court of South Carolina has held that the crime of ABHAN does not "invariably constitute a crime of moral turpitude," *State v. Bailey,* 275 S.C. 444, 272 S.E.2d 439, 440 (1980) (per curiam), and given the lack of authority to the contrary in the District, ordinarily a hearing would be held to determine if the facts involved make the crime of ABHAN in this case one involving moral turpitude. While in South Carolina the crime of ABHAN is not *per se* a crime of moral turpitude, as part of respondent's Agreement for Discipline by Consent, he admitted that his conduct violated various rules of professional conduct, including Rule 7(a)(4) (it is ground for discipline for a lawyer to be convicted of a crime

of moral turpitude or serious crime). *See In the Matter of Robert L. Gailliard,* 362 S.C. 428, 608 S.E.2d 434 (2005).

3. Given the presumption that identical discipline will be imposed reciprocally, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992) (citing D.C. Bar R. XI, § 11(c)), and the fact that neither respondent nor Bar Counsel opposed such discipline, the Board and we have only a limited role to play. *See In re Spann,* 711 A.2d 1262, 1265 (D.C.1998). Not only is this the discipline that Bar Counsel urged, but there is no indication in the record that respondent has made any appearance or offered any views as to the imposition of reciprocal discipline. And, given that there is no evidence that the proceeding in South Carolina was the result of some "obvious miscarriage of justice," *id.,* the presumption of reciprocal discipline has not been rebutted.

would have been the same even if a hearing on moral turpitude had been held, in this case—if the crime of ABHAN were found to be one of moral turpitude on the facts of this case—then disbarment, not suspension for three years, would be mandatory. Nevertheless, although the difference between seeking readmittance to the Bar after a five-year disbarment and reinstatement after a three-year suspension is significant, we are persuaded—as was the Board—that the required fitness showing in this case will prevent the issue of whether the crime involved moral turpitude from simply falling by the wayside. Rather, should respondent seek reinstatement (itself a highly unlikely eventuality given his absence from this proceeding, his administrative suspension in the District for the past twenty years for nonpayment of Bar dues, and the lack of any evidence of his interest in practicing law in the District in the future), that issue will be a part of any hearing to determine his fitness for rejoining the Bar. Under the circumstances of this case, therefore, we accept the Board's determination, with the concurrence of Bar Counsel, that reciprocal discipline is proper and that the issue of moral turpitude be determined if and when respondent applies for reinstatement.

Accordingly, it is

ORDERED that respondent Robert L. Gailliard be suspended from the practice of law in the District of Columbia for a period of three years, and that, following that three-year period, respondent be required to demonstrate his fitness to practice law before he is reinstated pursuant to D.C. Bar R. XI, § 16(d). For purposes of reinstatement, the period of suspension shall begin to run from the date respondent files the affidavit required by D.C. Bar R. XI, § 14(g).

*So ordered.*