15633

GANTT v. COLUMBIA COCA-COLA BOTTLING COMPANY

(29 S. E. (2d), 488)

(See 193 S. C., 51, 7 S. E. (2d), 641)

April, 1942.

*Mr. George Bell Timmerman, Jr.,* of Lexington, S. C., and *Mr. C. T. Graydon* and *Mr. F. Ehrlich Thomson,* both of Columbia, S. C., Counsel for Appellant,

*Messrs. Thomas, Cain & Black,* and *Messrs. Herbert & Dial,* of Columbia, S. C., Counsel for Respondent,

March 14, 1944.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous Opinion of the Court:

Plaintiff instituted this action to recover damages alleged to have been sustained as a result of drinking a bottle of Coca-Cola, which he claims contained bluestone. The first trial resulted in a verdict for plaintiff in the sum of $2,000.00. Defendant appealed and the judgment was reversed on account of error in the exclusion of certain testimony offered by the defendant. 193 S. C., 51, 7 S. E. (2d), 641, 127 A. L. R., 1185. The case was tried again and resulted in a verdict for plaintiff in the sum of $300.00. Plaintiff has appealed and the case is before this Court for the

second time. The sole question raised in this appeal is the admissibility of certain testimony offered by defendant to show that the plaintiff pleaded guilty in the United States District Court at Columbia, S. C., to violation of the Internal Revenue Law relating to distilling whiskey with intent to defraud the United States of the tax imposed on such whiskey.

While the plaintiff was on the stand the trial Judge permitted counsel for defendant on cross examination to elicit from him the fact that he had pleaded guilty in 1940 to an indictment in the United States District Court which charged him with the above offense. Thereafter the indictment and plea were offered in evidence. There are six counts in the indictment, all charging various violations of the Internal Revenue Law. One of the counts charged the defendants therein named, including the appellant, with being distillers of whiskey and that they "unlawfully did carry on the business of a distiller of spirits, to wit, whiskey, with intent to defraud the United States of the tax imposed by law on the spirits, distilled by them." Counsel for plaintiff made timely objection to both this cross examination and the introduction of the indictment and plea of guilty to same. The objection was overruled and the correctness of this ruling of the trial Judge is the question raised for our determination.

While there are some decisions to the contrary, the great weight of authority upholds the right to cross examine a witness as to his previous conviction of certain crimes for the purpose of impeaching his credibility, but there is considerable lack of harmony in the decisions as to what offenses may be shown for that purpose. The cases are annotated in 6 A. L. R., 1608, 25 A. L. R., 339, and 103 A. L. R., 350. These annotations disclose that in some jurisdictions such cross · examination is limited to crimes involving felonies, or those involving moral turpitude; in some no distinction is made between felonies and misdemeanors, but cross examination is restricted to those offenses which may be rea-

sonably classified as tending to affect the credibility of the witnesses; and in some jurisdictions, including North Carolina (*State v. Sims,* 213 N. C., 590, 197 S. E., 176, 178), such cross examination is not limited to conviction of crimes and "any act of the witness which tends to impeach his character may be inquired about or proven by cross examination." In Maryland and a few other jurisdictions which restrict the offenses to those having some tendency to impeach credibility, the Courts recognize the difficulty in making a rigid classification; and within certain limits leave the matter to the sound discretion of the trial Judge, whose decision "will not be interfered with on appeal, except when the evidence is so clearly irrelevant that its admission could not be said to be within the discretion lodged with the trial court." *Burgess v. State of Maryland,* 161 Md., 162, 155 A., 153, 157; 75 A. L. R., 1471.

There is also considerable diversity of opinion as to whether a violation of the laws prohibiting, or regulating, intoxicating liquors is an offense which affords a basis for impeaching the credibility of a witness. See annotations in 40 A. L. R., 1048, 48 A. L. R., 266, and 71 A. L. R., 217. Most of the Federal Courts hold that any such violation when made a felony may be shown on cross examination of a witness as affecting his credibility. The Federal decisions are reviewed at length in the case of *Scaffidi et al. v. United States,* 1 Cir., 37 F. (2d), 203.

While there are some intimations in the earlier cases to the contrary, the rule now seems to be well established in this State that a witness may be cross examined as to his previous conviction of any crime tending to effect his credibility. *State v. Gilstrap et al.,* 149 S. C., 445, 147 S. E., 600; *State v. Gilbert,* 196 S. C., 306, 13 S. E. (2d), 451. In the case of *State v. Wyse,* 33 S. C., 582, 12 S. E., 556, the record of the witness' conviction of petty larceny was held to be properly admitted to affect his credibility. It was held in the case of *State v. Bing et al.,* 115 S. C., 506,

106 S. E., 573, that the credibility of the witness might be tested by establishing on cross examination his conviction of housebreaking.

However, considerable difficulty is frequently encountered in undertaking to determine whether a particular offense is such as tends to affect the credibility of a witness. In recent years the field of the criminal law has been so expanded that it is now used for the enforcement of a large volume of mere regulations of convenience and order, wholly without relation to any moral qualities. Some discrimination must be màde when the Courts come to receive evidence of the violation of the law to impeach the credibility of a witness. The only object of such testimony is to discredit the witness by showing that his character is such as tends to render his testimony unworthy of belief. As stated by the Court of Appeals of Maryland, in the case of *Burgess v. State of Maryland, supra,* "the issue always is the truth of the witness' testimony. In other words, is the witness devoid of moral perception, such a person as would regard lightly the obligations of an oath to tell the truth? In judging of a man's moral fiber, his previous conduct, covering a reasonable time before the inquiry, undoubtedly has a real and substantial bearing upon the question. It seems to us that theré can be little argument that previous conduct of a witness can be shown to be such as, by the common experience of the average man, would justify a belief of his unworthiness as a witness. Certainly if it be shown that a witness had previously been convicted of perjury, it would materially discredit, if not entirely destroy, the value of his testimony. Conviction of many other crimes could properly have the same effect; while, on the other hand, there may be convictions of violations of hundreds of police regulations, which in no real or true sense can be taken as tending to make one so convicted unworthy of belief."

We think such cross examination should be restricted to crimes involving to some extent the element of moral delinquency and should not be too remote in time.

Applying the foregoing test to the crime under consideration, we think the cross examination complained of was properly admitted. The statute creating the offense charged in the indictment is embodied in 26 U. S. C. A. Int. Rev. Code, § 2833, and is in part as follows: "Any person * * * who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or any part thereof, shall, for every such offense, be fined not less than $100.00 nor more than $5,000.00 and imprisoned for not less than thirty days nor more than two years." In the case of *Partson v. United States,* 8 Cir., 20 F. (2d), 127, 129, the Court said that the purpose of this section "was to prevent a distiller from defrauding the government out of the tax upon the product which he manufactured, and the defendant's intent to defraud was a condition precedent to his commission of the offense the section denounces." Under Section 335 of the Criminal Code, 18 U. S. C. A., § 541, this offense is a felony.

In the case of *Fields v. United States,* 4 Cir., 221 F., 242, 245, 137 C. C. A., 98, writ of *certiorari* denied in (1915) 238 U. S., 640, 35 S. Ct., 941, 59 L. Ed., 1501, it was held that illicit distilling was an offense involving moral delinquency, where it was sought to bring out evidence of the conviction and punishment of defendants for illicit distilling in order to impeach their credibility as witnesses in their behalf. The Court said: "To hold otherwise is to hold that fraud upon the government by violation of its revenue laws does not involve moral delinquency, which is the test of admissibility in such case, and we are not prepared to indorse the proposition that no reflection is cast upon the character of a

witness by proof that he has been convicted of cheating the government."

Appellant vigorously contends that the case of *Plumley v. Gosnell,* 175 S. C., 30, 178 S. E., 261, sustains his contention. In that case the trial Judge refused to permit defendant's counsel to cross examine one of plaintiff's witnesses respecting his conviction of three misdemeanors, relating to the liquor law, carrying a pistol and fighting, upon the ground that these offenses were irrelevant and did not affect the credibility of the witness. The ruling of the trial Judge was sustained by this Court. We do not question the soundness of the conclusion reached in that case, but do not think it controls the question now before us.

The violation of the liquor law referred to in the *Plumley case* was under a statute, the violation of which did not necessarily involve the element of fraud. This Court, in the case of *State v. Manos,* 179 S. C., 45, 183 S. E., 582, 584, in construing our present statute regulating alcoholic liquors, said: "No apt words are found or employed in the act in question which indicate that intent is a necessary element of the crime charged; and when the defendant violated the provisions of the statute, by having in his possession contraband liquor, the offense was complete, regardless of motive or intent." The Federal statute under consideration presents a different situation. Under this statute and the Federal decisions construing it, an intent to defraud the United States Government is an essential element. For this reason we think the charge to which appellant pleaded guilty involves the element of moral delinquency.

In settling the case for appeal only that portion of the testimony relating to the cross examination in controversy was directed to be printed. The trial Judge refused an amendment by respondent seeking to require the entire testimony to be printed. Respondent has excepted to this ruling. The testimony which was excluded by the trial Judge in settling the case for appeal was not neces-

sary or pertinent to.the determination of the question raised by the exceptions. This exception of respondent is overruled.

All exceptions are overruled and judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur.