19427

The STATE, Respondent, v. Frank KNIGHT, Appellant
(189 S. E. (2d) 1)

*Messrs. Berry L. Mobley,* and *Don S. Rushing,* of Lancaster, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *M. J. Bowen, Jr., Asst. Atty. Gen.,* of Columbia, and *William R. Hare, Sol.,* of Chester, *for Respondent,*

May 24, 1972.

Brailsford, Justice.

The defendant appeals upon two exceptions from his conviction of murder and sentence to life imprisonment.

The first exception charges error in permitting the defendant's former wife to relate a statement made by him to her during their marriage, the error assigned being that the communication was confidential and privileged.

The exception refers to the following questions and answers which were allowed over appropriate objection:

"Q. (By Mr. Hare) Mrs. Lowery, did you have any conversation with defendant during the period you were getting your divorce?

"A. I talked to him some on the telephone.

"Q. And I ask you did he tell you anything concerning your living with another man?

"A. He just said that I wouldn't be happy with another man as long as I lived."

Even if the defendant's expression of opinion be regarded as a confidential communication to his estranged spouse, which we do not decide, nothing in the record suggests any possibility of prejudice to him. The exception is without merit under settled law that a conviction will not be reversed for nonprejudicial error in the admission of evidence.

The second exception charges error in admitting an answer of a prosecution witness on cross examination which was not responsive, was prejudicial and which repeated "an

alleged answer to a question by the witness of the Defendant prior to notification to the Defendant of his legal rights."

This exception relates to the cross examination of an investigating officer concerning ownership of an automobile, inferentially, found at the scene of the crime. After admitting that he did not know who owned the car and that he did not know whether one Broome owned it, the officer stated, "I know Mr. Frank Knight claimed it." Counsel objected that the answer was not "in response." Thereupon, the court had the stenographer read the preceding series of questions and answers. Evidently finding that the answer was responsive, he overruled the objection. We find no error in this ruling.

Additionally, defendant claims that the testimony concerned an admission by him before he was advised of his rights in violation of *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966). Suffice it to say that the record shows neither that the defendant was in custody nor the existence of any other facts making the *Miranda* procedures appropriate.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.