Anthony Keith HATCHETT, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Jan. 12, 1977.

Certiorari Denied by Supreme Court
May 2, 1977.

Jay Fred Friedman, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, William E. Frulla and Joseph B. Dailey, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

The appellant was convicted for possessing a controlled substance (lycergic acid diethylamide—LSD) and his punishment was fixed at 11 months and 29 days in the county jail or workhouse. This conviction must be reversed.

The assignment of error which must be sustained is that the Court erred in allowing the State to question the appellant concerning a prior misdemeanor conviction. Over his objection, the appellant was asked several times, on cross-examination, "Have you ever used illegal drugs". He replied that he had not. On further cross-examination, he was asked whether he was convicted for possessing marijuana in the General Sessions Court of Shelby County on January 14, 1972. He was required to answer over his objection. His answer was in the affirmative.

The State contends that the question concerning the conviction contradicted his prior testimony on cross-examination to the effect that he had never used drugs and was, therefore, proper for impeachment purposes. We disagree. The questions concerning the appellant's prior use of drugs were improper for any purpose. The simple possession of a controlled substance is a misdemeanor. T.C.A. § 52–1432(b)(1). The specific act of simple possession or use of drugs is not such that can be lawfully asked a defendant on cross-examination for impeachment purposes. See, State v. Morgan, 541 S.W.2d 385 (Tenn.1976); Collard v. State, 526 S.W.2d 112 (Tenn.1974); Fee v. State, 497 S.W.2d 748 (Tenn.Cr.App.1973). Since the question concerning prior possession of drugs was not proper, because it was irrelevant and prejudicial, the question concerning the conviction for possession of marijuana would not be allowed for impeachment purposes. The State cannot ask a witness an irrelevant but prejudicial question, and then, under the theory of impeachment, predicate a second irrelevant and prejudicial question upon the defendant's response to the first question.

The simple possession of marijuana is a misdemeanor. T.C.A. § 52–1432(b)(1). This is not a crime involving moral turpitude, or a crime of such character that the conviction itself would discredit the testimony of the defendant. There is no connection between the use or possession of marijuana and the veracity of a witness. Collard v. State, supra; see, State v. Morgan, supra; Fee v. State, supra.

We think that the admission of this evidence was prejudicial, particularly since it communicated to the jury that the appellant had been previously convicted for a similar offense for which he was being tried.

The remaining assignment of error complains that the Trial Judge charged the jury as to the law regarding parole. Our disposition of this case makes this assignment moot.

The judgment of the Criminal Court of Shelby County is reversed and the case is remanded for a new trial.

WALKER, P. J., concurs.

RUSSELL, Judge, dissenting.

I am unable to agree that the error, if any, in the admission for impeachment purposes of evidence of the appellant's prior misdemeanor conviction for the possession

of marijuana mandates the reversal of this conviction.

Rule 14(6) and T.C.A. § 27–117 clearly provide that error is not reversible unless it affirmatively appears that it prejudicially affected the judgment on the merits. There is no such showing here. Hatchett was prosecuted for selling a controlled substance, a felony, and under the State's proof is shown to be guilty of that offense. However, the jury elected to convict him of only the misdemeanor of simple possession.

This record reflects the difficulty which all of our Courts have had with the question of what prior bad acts and/or convictions may be introduced against a testifying defendant for impeachment purposes. Our Supreme Court, on August 9, 1976, handed down an opinion in the case of *State of Tennessee v. Morgan*, 541 S.W.2d 385, for publication, wherein Rules 608 and 609 of the Federal Rules of Evidence were explicitly adopted, and hopefully will furnish the needed guidance. The case sub judice, however, was tried on February 12, 1976, six months before *Morgan* was released. In that context it is easy to understand why the learned trial judge, after a conscientious review of the authorities, permitted evidence of the prior misdemeanor conviction.

Certainly this was error under *Morgan*. However, it should be pointed out that when the testimony was first elicited from the defendant on cross-examination, the grade of the offense was not made to appear. The State showed that Hatchett had been convicted on marijuana charges. It was developed on cross-examination that the offense was a misdemeanor.

The learned trial judge immediately gave the jury a special instruction, limiting their consideration of this evidence to impeachment only, and repeated the charge within the general charge.

Very significantly, this record is full of evidence, presented by the State, and not assigned as error on this appeal, to the effect that Hatchett was a drug dealer. The undercover agent who made this case testified in minute detail about his conversations with Hatchett relative to prospective deals involving a variety of controlled substances. This certainly defused the impact of the prior misdemeanor conviction.

The majority must assume, in order to reverse this case, that the jury failed to heed the trial judge's explicit and repeated instruction to consider this testimony on the issue of credibility only. Since we have decided, in the evolution of the law on this point, that a misdemeanor conviction has no real probative value on this point and for that reason isn't admissible, how can we assume that it is prejudicial? If the prior offense had been a felony, we certainly would have admitted it, though the risk that the jury would ignore the limiting instruction would certainly be greater. The Court's judgment in effect holds that the prior conviction was not serious enough to be admissible, but was so bad that it mandates a reversal that would not have been required had it been worse.

I believe that we must immediately seek to bring order and consistency to this point of evidence law and its administration by following the federal rules formula adopted in *Morgan*. In that light, this evidence was inadmissible, being of a prior misdemeanor conviction. But in view of the total context of this case, as heretofore set out, I see no grounds for a reversal. Sometimes it is necessary to assume prejudice in order to assure future compliance with a rule of law; but this record makes no case for such an application. This trial judge was doing about as well as anyone could have done, given the precedents considered viable at that time.

I would affirm.