21280

The State Respondent, v. Terry Edward HARVEY, Appellant.

(268 S. E. (2d) 587)

*David W. Carpenter*, of *S. C. Commission of Appellate Defense*, Columbia, *for Appellant*.

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Lindy Pike Funkhouser*, Columbia,

and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

July 30, 1980.

NESS, Justice:

Appellant Terry Edward Harvey appeals his conviction for distribution of marijuana. We reverse and remand.

The testimony reveals that appellant sold a quantity of marijuana to a police officer at appellant's home. Appellant relying on the defense of alibi, offered evidence that he was in route from Miami, Florida and did not arrive, in Greenville, at his home, until the day after the alleged sale.

Appellant asserts that prejudicial error was committed when the solicitor questioned one of his alibi witnesses about the witness' plea of guilty of simple possession of marijuana in 1977. The trial judge overruled the objection and denied a motion for a mistrial.

Appellant does not contend that the trial evidence was insufficient to sustain his conviction. The sole issue is the propriety of the solicitor's cross examination of the witness about a prior conviction which did not involve a crime of moral turpitude or dishonesty.

By long established rule a prosecutor may not introduce evidence of a witness' bad charactor. Wigmore, Evidence, § 57 (3rd Ed.); *State v. Lee,* 269 S. C. 421, 237 S. E. (2d) 768 (1977). The danger of prejudice outweighs the probative value of the evidence, and the danger of prejudice is at its highest when bad character is shown by evidence of other crimes. The possibility that the similarity between these offenses may have affected the jury's deliberations and contributed to appellant's conviction cannot be entirely discounted.

A witness may not be impeached by evidence of specific acts of misconduct, except for crimes involving moral turpitude and not too remote. *Taylor v. State,*

258 S. C. 369, 376, 188 S. E. (2d) 850 (1972); *Gantt v. Columbia Coca-Cola Bottling Company,* 204 S. C. 374, 29 S. E. (2d) 488 (1944).

Exhaustive research has revealed no case which declares the offense of simple possession of marijuana to be a crime involving moral turpitude. See 65 A. L. R. (3d) 705. The State asserts harmless error but in view of the similarity between the prior offense and the present charge, the risk of unfair prejudice is especially strong.

We hold that simple possession of marijuana does ∎ not constitute a crime of moral turpitude [1] and that the admission of this evidence was prejudicial. *Hatchett v. State,* 552 S. W. (2d) 414 (Tenn. 1977). We reverse and remand for a new trial.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

WALTER T. COX, III, Acting Associate Justice, dissents.

WALTER T. COX, III, Acting Associate Justice (dissenting):

I agree that simple possession of marijuana is not an act of baseness, vileness or depravity in the social duties which a man owes to his fellow man or to society in general and therefore not a crime of moral turpitude and I further agree that evidence of such conviction would be inadmissible as such; but, being of the view that no probable prejudice resulted to the defendant from the admission of the witness's testimony, I respectfully dissent.

The entire colloquy between the Assistant Solicitor and the alibi witness concerning this question was as follows:

Assistant Solicitor: Are you the same Ray Smith that plead guilty to possession of marijuana in October, 1977.

---

[1] "Moral turpitude involves an act of baseness, vileness, or depravity in the social duties which a man owes to his fellow man or to society in general, contrary to the accepted and customary rule of right and duty between man and man." Miller on Criminal Law (1934) page 24.

Witness: Yes.

Defense Counsel: Your Honor, I object to that as irrelevant.

The Court: Objection is overruled.

The witness was one of three witnesses offered by defendant to prove that the defendant had an alibi, that he was in Miami, Florida at the time the offense occurred.

The record is clear that this particular witness was overwhelmingly impeached by the cross-examination of the Assistant Solicitor on other grounds.

Two other witnesses were offered to support the alibi. A close look at their testimony indicates a substantial lack of credibility.

The state's case, on the other hand, consisted of the testimony of an undercover deputy sheriff wired for sound; who testified he made the purchase of marijuana from the defendant. His testimony was corroborated by another deputy sheriff who received the transmissions from the electronic surveillance equipment and by the testimony of an informer who accompanied the deputy sheriff at the time of the purchase.

Reviewing the testimony as a whole there is nothing in the record to suggest any prejudice to the defendant as a result of these seventeen words of testimony.

Admission of testimony is largely within the discretion of the trial judge and erroneous exercise of it must be accompanied by probable prejudice to the other party in order to entitle him to a new trial for the admission of the questioned evidence. *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270, 277 (1979). In view of all other properly admitted evidence, this evidence of the prior conviction is not so prejudicial as to require a new trial and its admission cannot be deemed to have denied appellant a fair trial. See

*State v. Spinks,* 260 S. C. 404, 196 S. E. (2d) 313 (1973);
*State v. Knight,* 258 S. C. 452, 189 S. E. (2d) 1 (1972).

I would distinguish *Hatchett v. State,* 552 S. W. (2d) 414 (Tenn. 1977) on the ground that the introduction of the prior conviction for marijuana in that case was the prior conviction of the defendant and under the facts of that case there was a substantial danger of prejudice which I do not find here.

I would further use this case to abandon the moral turpitude rule and adopt a rule which has a more objective basis. Section 16-1-10 of the South Carolina Code of Laws (1976) classifies certain crimes as felonies. I would hold that only felony convictions, not too remote in time, can be used to impeach a witness. This is consistent with the leading authorities on evidence as is reflected in the recent adoption of Rule 609(a), Federal Rules of Evidence which provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Accordingly, I respectfully dissent.