22702

The STATE, Respondent v. Anthony J. SPODNICK, Appellant.

(354 S. E. (2d) 904)

Supreme Court

*Richard A. Harpootlian,* of *Swerling & Harpootlian,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard March 9, 1987.

Decided April 13, 1987.

*Per Curiam:*

Appellant was convicted of murder and sentenced to life imprisonment. We affirm.

The facts of this case are particularly gruesome. The State introduced evidence at trial that the victim, Thomas Boulware, died from stab wounds and a violent trauma to his skull apparently inflicted with a baseball bat. After his death, the victim's head and hands were severed with a saw and buried in the woods. Police officers conducted an extensive search of the area where the corpse was first discovered before uncovering the head and hands. During their search, they discovered a human bone fragment. This small fragment was admitted into evidence over appellant's objection.

Appellant argues he is entitled to a new trial because admission of the bone fragment was unfairly prejudicial. We disagree.

The admission of evidence in a criminal prosecution is within the trial judge's discretion and will not be disturbed on appeal unless an abuse is shown. *State v. Moultrie*, 283 S. C. 352, 322 S. E. (2d) 663 (1984). A conviction will not be reversed for non prejudicial error in the admission of evidence. *State v. Knight*, 285 S. C. 452, 189 S. E. (2d) 1 (1972). We find no prejudice here.

Appellant's remaining exception is without merit and is disposed of pursuant to Supreme Court Rule 23. *See State v. Miller*, 287 S. C. 280, 337 S. E. (2d) 883 (1985). Accordingly, the judgment of the Circuit Court is

Affirmed.

FINNEY, Justice, dissenting:

I respectfully dissent. I have no difficulty joining the majority in their observation that the facts of this case are particularly gruesome. I would dissent from their affirmation of the case, being of the opinion that the courts should not be a forum for further gruesome and bizarre conduct as in this instance where the state was permitted to place into evidence a two to three inch human bone with dried flesh attached. The state's witness described the exhibit to the jury as follows:

Q. Lt. Riddle, I hand you this. Can you identify it?
A. Yes, sir.
Q. What is it?
A. It is a bone fragment with what appears to be some dried meat on it at the present time.

My search of the criminal laws of the United States reveals no reported decision which sustains the analytical reasoning used by the majority in reaching the decision to allow the introduction of part of a corpse into evidence. In *Harper v. Bolton,* 239 S. C. 541, 124 S. E. (2d) 54 (1962), this Court held that the exhibition of an enucleated eye to the jury in a glass vial was inadmissible because the defendant had stipulated that plaintiff's eye had been removed; thus, there was no controverted fact in issue.

In the case at bar, appellant offered to stipulate the bone fragment introduced at trial was a human bone and that there was "... some dried meat on it ...." As to where the bone was found, counsel said: "We would stipulate to basically anything the Solicitor wants, rather than putting a piece of bone into evidence." Additionally, the state had two witnesses testify to the location where the bone and other severed portions of the human torso were recovered.

The majority opinion is based upon two sound and firmly entrenched propositions of law; I concur in both. However, under the facts herein presented, I am convinced the application of these principles had been distorted.

First, the majority opinion relies upon the solid legal principle that admission of evidence is in the trial judge's discretion and will not be disturbed on appeal unless an abuse is shown. *State v. Moultrie,* 283 S. C. 352, 322 S. E. (2d) 663 (1984).

Second, the Court states that a conviction will not be reversed for non-prejudicial error in the admission of evidence. *State v. Knight,* 258 S. C. 452, 189 S. E. (2d) 1 (1972). Due to the paucity of evidence in the instant case, it is my view that admission of the bone fragment was prejudicial and reversible error.

The trial judge commented upon the dearth of evidence the state submitted against appellant by saying: "In my judicial career this is the closest case on circumstantial in a major case that I have had. This is the thinnest of lines between whether or not The State has presented enough circumstantial evidence to be allowed to go to the jury or whether a directed verdict is mandated."

The following points are advanced to further support the conclusions I have reached:

(a) The exhibit did not prove an element of the offense charged. It went simply to show the victim's body was at one time in a specific location; the state had other evidence proving this point.

(b) The state never established that the bone in question was from the victim's body.

The tenuous circumstantial nature of the State's case against appellant strongly suggests that any error in this case would be prejudicial. The situation is compounded by the fact that appellant was willing to stipulate as to the exhibit; and further, the bone was not used to establish a material element of the offense. I would reverse and remand the case for a new trial.