518 S.E.2d 265

**Irving FOYE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 24974.

Supreme Court of South Carolina.

Submitted June 23, 1999.
Decided July 26, 1999.

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, all of Columbia, for respondent.

## ON WRIT OF CERTIORARI

BURNETT, Justice:

Petitioner was convicted of trafficking in cocaine and was sentenced to imprisonment for thirty years and payment of a $200,000 fine. His conviction and sentence were affirmed on direct appeal by the Court of Appeals. *State v. Foye*, Op. No. 95–UP–323 (S.C.Ct.App. filed December 6, 1995). Petitioner's application for post-conviction relief (PCR) was denied and this Court granted certiorari. We affirm.

## *ISSUES*

I. Was petitioner's counsel ineffective in failing to present evidence of prejudice when petitioner appeared in chains before members of the venire?

II. Was petitioner's counsel ineffective in failing to reevaluate petitioner's decision not to testify after his co-defendant implicated him in the crime?

## *DISCUSSION*

### *I.*

█ Petitioner claims trial counsel was ineffective in failing to request on the record that the trial judge question the seated members of the jury about whether they saw petitioner in chains when he was brought into the courtroom. We disagree.

Prior to jury selection, members of the venire observed petitioner in chains. Defense counsel moved for a mistrial and a continuance to another term of court. The trial judge denied the motions, finding no evidence of prejudice. On direct appeal, the Court of Appeals affirmed, finding no evidence that the members of the venire who saw petitioner in chains were selected to serve as jurors in that case. *Id.* The Court of Appeals refused to address petitioner's further argu-

ment that the trial judge should have questioned the jurors to see if any of them had seen him because the court found petitioner's counsel failed to request this relief at trial. *Id.*

The PCR judge found this claim was addressed by the Court of Appeals on direct appeal. Thus, the claim was barred from collateral attack. *Drayton v. Evatt,* 312 S.C. 4, 430 S.E.2d 517 (1993). This ruling is incorrect. Finding the issue unpreserved because petitioner's counsel failed to request the trial judge question the jurors, the Court of Appeals refused to address this issue. Thus, the issue was properly before the PCR court to determine if petitioner's counsel rendered ineffective assistance of counsel by failing to request this relief.

 The burden is on the applicant in a post-conviction proceeding to prove the allegations in his application. *Butler v. State,* 286 S.C. 441, 334 S.E.2d 813 (1985), *cert. denied,* 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986). There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). As to allegations of ineffective assistance of counsel, the applicant must show his counsel's performance fell below an objective standard of reasonableness, and but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Strickland v. Washington, supra; Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Johnson v. State, supra.* Where matters of credibility are involved, this Court gives great deference to a judge's findings, because this Court lacks the opportunity to directly observe the witnesses. *Drayton v. Evatt,* 312 S.C. 4, 430 S.E.2d 517 (1993). This Court must affirm the findings of the PCR judge if they are supported by any evidence in the record. *Cherry v. State, supra.*

At trial, counsel stated petitioner claimed two members of the venire saw him in chains. However, there was no claim that members of the seated jury saw petitioner in chains. Petitioner testified at the PCR hearing that one of the seated jurors saw him in chains.

Petitioner's counsel testified at the PCR hearing that he asked the trial judge at a bench conference to question the jurors to determine whether any of the seated jurors had seen petitioner in chains. The trial judge denied the request. However, because this request was not on the record, the Court of Appeals refused to address this issue. Thus, counsel was deficient because he failed to adequately preserve this issue for review.

■ However, petitioner failed to prove he was prejudiced by counsel's deficient performance. Although counsel testified he believed petitioner was prejudiced by this incident, the PCR judge did not find this statement credible or sufficient to establish prejudice. *Butler v. State, supra* (the burden of proof is on the applicant); *Drayton v. Evatt, supra* (matters of credibility are within the discretion of the PCR judge). Further, the trial judge did not find petitioner's testimony that one member of his jury saw him in chains credible. Petitioner did not offer the testimony or affidavits of any of the seated jurors that they saw petitioner in chains and petitioner was prejudiced thereby. Without this evidence, petitioner's claim is not supported by any probative evidence and is based on pure speculation. *See Glover v. State*, 318 S.C. 496, 458 S.E.2d 538 (1995) (mere speculation and conjecture on the part of respondent is insufficient). Accordingly, petitioner failed to meet his burden of proving counsel rendered ineffective assistance.[1]

## II.

■ Petitioner claims counsel was ineffective for failing to reevaluate petitioner's decision not to testify after petitioner's co-defendant provided damaging testimony.

---

1. Petitioner suggests this Court should presume prejudice in this matter because due to the passage of time it is impossible to conduct an adequate post-trial inquiry. *See State v. Aldret*, 333 S.C. 307, 509 S.E.2d 811 (1999) (recognizing under certain circumstances it may be appropriate to order a new trial absent a showing of actual prejudice in a case of juror misconduct). We disagree. The jury was instructed to determine petitioner's guilt based only on the evidence presented in the trial. A jury is presumed to follow instructions. *State v. Ard*, 332 S.C. 370, 505 S.E.2d 328 (1998). Therefore, without some showing the jurors disregarded these instructions, this Court declines to presume prejudice.

■ For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show his counsel failed to render reasonably effective assistance under prevailing professional norms and he was prejudiced by his counsel's ineffective performance. *Strickland v. Washington, supra.* To prove prejudice, the applicant must show but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Johnson v. State, supra.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* If there is any probative evidence to support the findings of the PCR judge, those findings must be upheld. *Cherry v. State, supra.*

Petitioner was tried with his father.[2] After petitioner's father informed counsel he would testify petitioner did not know cocaine was in the gym bag, counsel advised petitioner not to testify because of his prior convictions for possession of marijuana with intent to distribute and possession of cocaine.

At trial, petitioner's father testified petitioner helped him drive from New York to Charleston. Petitioner's father claimed he did not tell petitioner he was transporting cocaine before or during the drive. However, petitioner's father testified, as they were walking from the parking lot to the hotel, his son asked him what was in the gym bag. Petitioner's father stated he told petitioner the bag contained cocaine. Petitioner expressed dismay at this information and wanted to help his father because he was afraid his father would be hurt. During this time, petitioner and petitioner's father passed the bag back and forth several times. Petitioner's father testified he insisted his son should not get involved and he took the bag away from him prior to entering the hotel. Petitioner waited in the lobby while his father delivered the cocaine. Several police officers testified they observed petitioner carrying the gym bag containing the cocaine.

The State argues counsel was employing a valid trial strategy in not putting petitioner on the stand even after his father's damaging testimony. *See Whitehead v. State,* 308 S.C. 119,

---

2. Petitioner and his father were both indicted for trafficking in cocaine and for conspiracy to traffic in cocaine. While the jury found his father guilty on both counts, it found petitioner not guilty on the conspiracy charge.

417 S.E.2d 529 (1992) (if counsel articulates a valid reason for employing certain trial strategy, such tactics will not be deemed ineffective assistance of counsel); *Stokes v. State,* 308 S.C. 546, 419 S.E.2d 778 (1992). However, based on counsel's testimony at the PCR hearing, counsel did not consider the possibility of petitioner testifying after his father's testimony; therefore, counsel failed to use his discretion in employing an appropriate trial strategy in light of the unexpected testimony. Further, counsel admitted it may have been proper to put petitioner on the stand after his father's damaging testimony. Accordingly, counsel was deficient in failing to reevaluate petitioner's decision not to testify after his father implicated him.

■ Petitioner claims if he had testified the jury would have had a chance to hear him adamantly deny involvement in the drug transaction. According to petitioner, his denial, in addition to the slim evidence against him, would have convinced the jury he was not guilty.

We disagree. Petitioner's prior convictions probably would have been admissible to impeach his testimony and cast severe doubt on his credibility.[3] Accordingly, the PCR judge correctly found the jury would not have found petitioner credible and his testimony would not have changed the outcome of the trial. *See Drayton v. Evatt, supra* (matters of credibility are within the discretion of the PCR judge); *Cherry v. State, supra* (the PCR judge's findings should be upheld if supported by any probative evidence).

---

3. Petitioner's trial occurred before the South Carolina Rules of Evidence were adopted. Under the law prior to the SCRE, evidence of a prior conviction was admissible for impeachment purposes if the prior crime involved "moral turpitude." *State v. Millings,* 247 S.C. 52, 145 S.E.2d 422 (1965). Possession of marijuana with intent to distribute and possession of cocaine were considered crimes involving moral turpitude. *See State v. Lilly,* 278 S.C. 499, 299 S.E.2d 329 (1983); *State v. Major,* 301 S.C. 181, 391 S.E.2d 235 (1990). However, evidence of these convictions was not *per se* admissible. Instead, the trial judge had discretion to determine whether the prejudicial effect of admitting the prior conviction outweighs the probative worth of such evidence on the issue of credibility. *See Merritt v. Grant,* 285 S.C. 150, 328 S.E.2d 346 (Ct.App.1985); *see also State v. Harvey,* 275 S.C. 225, 268 S.E.2d 587 (1980).

Further, counsel sufficiently rehabilitated petitioner's father's testimony during cross-examination and re-established petitioner's defense that he was unaware he was transporting drugs. Thus, petitioner failed to prove he was prejudiced by counsel's deficient performance.

**AFFIRMED.**

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.