**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mandy Morrow Fortson, Appellant.

Appellate Case No. 2021-000566

—————————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

—————————

Unpublished Opinion No. 2023-UP-370
Submitted November 1, 2023 – Filed November 22, 2023

—————————

**AFFIRMED**

—————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General Mark Reynolds Farthing, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

—————————

**PER CURIAM:** Mandy Morrow Fortson appeals her convictions for attempted murder, discharging a firearm into a dwelling, and breach of peace of a high and aggravated nature and her aggregate sentence of twenty years' imprisonment. On

appeal, Fortson argues the trial court erred by holding jury selection in her absence. We affirm pursuant to Rule 220(b), SCACR.

We hold the issue of Fortson's right to be present during jury selection was not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id*. at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."). Prior to the start of trial, the trial court held an in-chambers discussion. Once the parties were back on the record, the trial court indicated Fortson's counsel was protected for the record; however, Fortson's counsel did not place onto the record the motion he had made, the arguments in support of his motion, or the ruling, if any, from the court. *See Foye v. State*, 335 S.C. 586, 590, 518 S.E.2d 265, 267 (1999) (holding that when a conference takes place off the record, it is trial counsel's duty to put the substance of the discussion and the trial court's ruling on the record). Instead, the trial court proceeded to select the jury. Once the jury had been selected, the trial court asked whether Fortson's counsel had an objection to the process of jury selection; counsel responded, "[n]one from [t]he Defense, Your Honor." The trial court then explained Fortson's absence was due to medical issues, and Fortson's counsel indicated his earlier motion, had it been on the record, would have been for a continuance. The trial court indicated it believed counsel and granted a continuance until two days later. Because it is not clear whether Fortson's counsel argued Fortson had a constitutional right to be present for jury selection, this issue is not preserved for appellate review. *York v. Conway Ford, Inc.*, 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997) ("An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.