**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Beverly Taylor, Marvin Taylor, and Ada Alvarez, individually and on behalf of all similarly situated individuals, Respondents,

v.

Raymond A. Wedlake a/k/a R. Allan Joy, Appellant.

Appellate Case No. 2023-001889

———————

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-072
Submitted February 3, 2026 – Filed February 18, 2026

———————

**AFFIRMED**

———————

R. Allan Joy, of Columbia, pro se.

Emily Kate O'Brian, of Campbell Teague LLC, of Greenville, for Respondents.

———————

**PER CURIAM:** R. Allan Joy appeals the jury's verdict finding him liable for abuse of judicial process and awarding Beverly Taylor, Marvin Taylor, and Ada Alvarez individually and on behalf of all similarly situated individuals (collectively, Respondents) $375,000 in damages. On appeal, Joy argues (1) the

jury "ignore[ed] [his] factual evidence," (2) the trial court improperly charged the jury, (3) the jury erred "by ignoring aspects of the [trial court's] charge," (4) exhibits at trial did not support claims from Respondents' counsel or witnesses and exhibits were misrepresented to "paint [him] in a false light to mislead the [j]ury," (5) Respondents "had no standing," and (6) the trial court ignored his request for voir dire. We affirm pursuant to Rule 220(b), SCACR.

First, as to Joy's arguments regarding issues one and three—that the jury ignored his factual evidence and ignored parts of the court's jury charge—we hold that the court did not abuse its discretion because on appeal Joy failed to present any evidence of juror misconduct, or any evidence that the alleged misconduct resulted in prejudice. *See State v. Galbreath*, 359 S.C. 398, 402, 597 S.E.2d 845, 847 (Ct. App. 2004) ("A denial of a new trial based on alleged jury misconduct is reviewed for an abuse of discretion."); *id.* ("[W]here a defendant seeks a new trial on the basis of juror misconduct, he is required to prove both the alleged misconduct and the resulting prejudice."); *Foye v. State*, 335 S.C. 586, 590 n.1, 518 S.E.2d 265, 267 n.1 (1999) ("A jury is presumed to follow instructions."); *id.* ("[W]ithout some showing the jurors disregarded [juror] instructions, [the appellate court] declines to presume prejudice.").

Second, we hold the court did not abuse its discretion by declining to charge the jury using Joy's proposed charge. *See State v. Commander*, 396 S.C. 254, 270, 721 S.E.2d 413, 421-22 (2011) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion."); *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166 (2007) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law . . . ."). Joy's proposed jury charge was not a recitation of the applicable and relevant principles of law but appeared to be factual allegations combined with a statute pertaining to contract law, which was not at issue in this case. *See Wells v. Halyard*, 341 S.C. 234, 237, 533 S.E.2d 341, 343 (Ct. App. 2000) ("A trial court must charge the current and correct law."). Furthermore, because the court charged the correct law applicable to abuse of process, which was the only claim at issue in this case, it did not commit error. *See State v. Marin*, 404 S.C. 615, 620, 745 S.E.2d 148, 151 (Ct. App. 2013) ("When a party requests the trial court charge a correct and applicable principle of law, the court must charge it."), *aff'd as modified*, 415 S.C. 475, 783 S.E.2d 808 (2016); *id.* ("However, the court is not required to use any particular language in explaining the principle.").

Third, we hold the issue of whether Respondents had standing is not preserved for appellate review because it was raised for the first time on appeal, and the trial court was not given an opportunity to first rule on the issue. *See Wilder Corp. v.*

*Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *James v. Anne's Inc.*, 390 S.C. 188, 193, 701 S.E.2d 730, 732-33 (2010) ("[W]hen a party belatedly attempts to raise the issue of standing, [appellate courts] have applied error preservation principles and held that the matter was not preserved for review where the trial court was not given an opportunity to first rule on the issue."). Further, we also hold this issue is abandoned because Joy failed to cite any supporting authority or case law to further his argument. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding that when an appellant "fails to provide arguments or supporting authority," he is "deemed to have abandoned th[e] issue").

Lastly, we hold the issues of whether the circuit court abused its discretion by admitting Respondents' exhibits and declining Joy's suggested voir dire questions are abandoned. *See First Sav. Bank*, 314 S.C. at 363, 444 S.E.2d at 514 (holding that when an appellant "fails to provide arguments or supporting authority," he is "deemed to have abandoned th[e] issue"). Joy failed to include any supporting authority or case law to further these arguments and merely made multiple conclusory statements without any legal argument. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.